IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRAVA SALON SPECIALISTS, LLC,

                Plaintiff,

    v.

LABEL.M USA, INC. and SALONCENTRIC, INC,

                Defendant.

ORDER

15-cv-631-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Defendant Label.M USA, Inc. removed this case from state court under 28 U.S.C. §§ 1441 and 1446. As a basis for subject matter jurisdiction, Label.M relies on 28 U.S.C. § 1332, which requires diversity of citizenship and an amount in controversy more than $75,000. In reviewing the sufficiency of the notice of removal, as I am required to do, <u>McCready v. White</u>, 417 F.3d 700, 702 (7th Cir. 2005), I discovered a potential problem. Label.M acknowledges that the citizenship of Brava Salon Specialists, LLC is determined by the citizenship of its members, <u>Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix and von Gontard</u>, 385 F.3d 737, 738 (7th Cir. 2004), and it alleges "upon information and belief" that the members are citizens of Wisconsin. However, Label.M does not identify who the member or members are.

        Defendant Label.M's allegation is not sufficient under the law of this circuit. "It is impossible to determine diversity of citizenship without knowing who the persons in

question are." America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1073 (7th Cir. 1992) (party's allegation that, "to the best of my knowledge," no defendants were citizens of plaintiff's state not adequate to show diversity). In other words, a court cannot accept as true an allegation that an individual or entity is a citizen of a particular state if the party making the allegation does not know the identity of the individual or entity. By admitting that the identity of the individual or entity is unknown, the party is implicitly conceding that it has no basis for alleging that individual's or entity's citizenship.

Because defendant Label.M removed the case, Label.M has the burden to show that jurisdiction exists. Smart v. Local 702 Internationa Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give Label.M an opportunity to file supplemental materials identifying the citizenship of plaintiff's member or members. 28 U.S.C. § 1653 (allowing parties to cure defects in jurisdictional allegations). I have reviewed the remaining allegations in the notice of removal and did not see any other defects. However, if plaintiff believes that subject matter jurisdiction is lacking for any reason, it should raise that objection now.


ORDER

IT IS ORDERED that defendant Label.M USA, Inc. may have until January 25, 2016 to file supplemental materials showing that diversity jurisdiction is present in this case. If

Label.M does not respond by that date, I will remand the case to state court.

Entered this 15th day of January, 2016.

          BY THE COURT:

          /s/

          BARBARA B. CRABB
          District Judge